FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, Plaintiff, v. OBET CORTEZ-MENDOZA, Defendant. | NO: 2:20-CR-131-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
|---|---|

BEFORE THE COURT, without oral argument, is Defendant Obet Cortez-Mendoza's Motion to Dismiss Indictment, ECF No. 50.[1] Having reviewed the motion, the responses to the motion, the record, and relevant law, the Court is fully

---

[1] Defendant does not request oral argument on the instant motion, recognizing that the precise issue raised in this motion was recently heard before the Court in a different case. ECF No. 50 at 1 n.1 (citing *United States v. Muñoz-De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892 (E.D. Wash. Feb. 18, 2022)). Moreover, a pretrial conference was held before the Court on March 8, 2022, and both parties confirmed that they were not seeking oral argument on the instant motion.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

1  informed. Defendant is charged with being an Alien in the United States after

2  Deportation, in violation of 8 U.S.C. § 1326. ECF No. 22. Defendant moves to

3  dismiss the Indictment, arguing that § 1326 "violates the Fifth Amendment's

4  guarantee of equal protection because racism motivated Congress to criminalize

5  reentry and the law continues to disparately impact Latinxs." ECF No. 50 at 4.

6      The Court recently issued a ruling denying a motion to dismiss in a case

7  advancing an identical argument to the instant motion. *See United States v. Muñoz-*

8  *De La O*, No. 2:20-CR-134-RMP-1, 2022 WL 508892, at *16 (E.D. Wash. Feb. 18,

9  2022). There, applying the factors set forth in *Arlington Heights v. Metropolitan*

10 *Housing Development Corp.*, 429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977),

11 the Court recognized that the defendant presented "evidence of § 1326's disparate

12 impact" along with "its troublesome historical background." *Muñoz*, 2022 WL

13 508892, at *16. Nevertheless, the Court rejected the equal protection challenge to §

14 1326 because the defendant failed "to sufficiently demonstrate that Congress was

15 motivated, in part, by an invidious discriminatory motivation in recodifying the

16 unlawful reentry provision" at § 1326 or in amending § 1326 five times following the

17 law's enactment. *Id.*

18     Relevant to the Court's ruling in *Muñoz* was the fact that the defendant

19 submitted evidence that gave "no direct insight into the motivations of the 1952

20 Congress" that enacted § 1326 and relied on "isolated remarks by individual

21 congressmembers" to suggest "that the entire congressional sequence of events [wa]s

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

replete with discriminatory intent." *Id.* at *13. Moreover, the Court observed that the legislative history for both § 1326 and its subsequent amendments falls "short of the standard necessary to demonstrate . . . an invidious discriminatory purpose" and relies on the unpersuasive argument that Congress's silence to the troublesome origins of the 1929 unlawful reentry provision constituted racial animus for the enactment of § 1326 over twenty years later. *Id.* at *14.

Returning to this case, Defendant admits that he submits the same evidence that was before the Court in the *Muñoz* matter. ECF No. 50 at 1 n.1. For the same reasons advanced in the Court's order denying the motion to dismiss in *Muñoz*, the Court rejects Defendant's equal protection challenge in the instant case, under both the *Arlington Heights* and rational basis standards of review.[2] *See Muñoz*, 2022 WL 508892, at *10–16.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **ECF No. 50**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 8, 2022.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Senior United States District Judge

---

[2] The Court incorporates by reference the *Arlington Heights* standard of review applied to equal protection challenges, as well as the rational basis review applied in the alternative. *See Muñoz*, 2022 WL 508892, at *8–9, 15–16.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3